UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Sherri M. Porcaro,
      Plaintiff,

v.                           Civil No. 2:08-CV-143

Michael J. Astrue,
Commissioner of Social
Security,
      Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 5)

The Commissioner has moved to dismiss Plaintiff Sherri Porcaro's appeal of his decision denying her claim for disability insurance benefits (DIB). The Commissioner contends that this Court lacks jurisdiction to review the decision because it was not a "final decision" under the Social Security Act. Porcaro who is appearing pro se argues that she has new evidence that the Commissioner should consider. On January 7, 2009, the Court ordered the Commissioner to file the administrative record in order to assist the Court in a fuller understanding of the dates of the application that plaintiff had submitted. The Commissioner filed the record on March 5, 2009.

BACKGROUND

Based on the administrative record submitted by the Commissioner, the following facts are clear. On March 13, 2001, Porcaro filed an applications for DIB and supplemental insurance benefits (SSI) alleging disability since December 1, 1985. Administrative Record ("R"), 68-70, 241-243. The DIB application was denied initially on May 31, 2001, R. 244, and again upon reconsideration on August 1, 2001. R. 254. The SSI application was denied initially on June 2, 2001 and upon reconsideration on August 3, 2001. R. 250-252, 255-258. The reconsideration decisions became administratively final because Porcaro did not request a hearing before an administrative law judge (ALJ) within 60 days. Porcaro's insured status for DIB expired on March 31, 1990.

On May 31, 2003, Porcaro filed another application for SSI only, alleging disability due to emotional problems. R. 33. The claim was denied initially and upon reconsideration. R. 37-44. On February 17, 2004, she requested a hearing before an ALJ. R. 48. After a hearing on October 5, 2004, the ALJ issued a decision dated October 29, 2004 granting the application for SSI benefits.

On April 25, 2006, Porcaro again filed for DIB, alleging disability beginning December 1, 1985. R. 297-299. After this claim was denied initially and upon reconsideration, R. 305-313, she filed a request for a hearing on August 11, 2006. R. 314. On December 27, 2007, a hearing was held before an ALJ. R. 18-25. Porcaro did not attend the hearing; however, she was represented by paralegal Margaret Sayles. Id. At the hearing Sayles amended the disability onset date to Porcaro's last date insured, March 31, 1990. R. 23.

The only issue before the ALJ was whether there was sufficient new and material evidence since the date of the last DIB denial to reopen the prior determination. The ALJ left the record open to allow Sayles to attempt to obtain medical records prior to March 31, 1990. On March 6, 2008, the ALJ determined that the claim involved the same facts and issues as the prior claim. Accordingly, he denied the request to reopen the prior claim. He also dismissed her hearing request, finding that the claim was barred by the doctrine of *res judicata*.

Discussion

It is well-settled that judicial review of a denial of disability benefits is only permitted following

a "final decision of the [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977); 42 U.S.C. § 405(g). In Sanders, the plaintiff filed a claim alleging disability due to epilepsy and blackout spells. 430 U.S. at 102. The Appeals Council upheld the ALJ's determination that Sanders was ineligible for benefits, and Sanders did not pursue judicial review of that decision. Id. Seven years later, Sanders filed a second claim alleging the same bases for eligibility. Id. The ALJ determined that the claim was barred by res judicata but also determined that Sanders was not entitled to have his prior application reopened. Id. at 102-03. Sanders then sought judicial review. Id. at 103. The Supreme Court held that the court lacked subject matter jurisdiction because Congress did not intend to allow courts to review such decisions. Id. at 108. One exception to this limitation would be the assertion of a colorable constitutional claim. Id. at 107-09. No such claim is present in this case. Thus, the Commissioner's refusal to reopen a prior final decision is not subject to review.

When a hearing request is denied based on *res judicata*, there is no right to review of that decision by the district court. See Hilmes v. Sec'y of Health and

Human Services, 983 F. 2d 67, 70 (6th Cir. 1993)(generally a dismissal of a hearing request is unreviewable).  Simply put, a district court lacks jurisdiction "to review denial of a request for a hearing where the ALJ found that plaintiff's claims were precluded from further review by administrative res judicata."  Lesane v. Apfel, No. CV 98-4738, 1999 WL 1288940, at *2 (E.D.N.Y. Nov. 17, 1999).

A number of courts, including this one, have also recognized a limited exception to the rule established by Sanders.  Even if the Commissioner expressly denies a claimant's request to reopen, the claim may be deemed to have been implicitly reopened if the Commissioner actually reconsiders the merits of the claim in reviewing the request.  See, e.g., Holden v. Shalala, No. 92-306, slip op. at 4-5 (D. Vt. Aug. 31, 1993)(Magistrate Judge's Report and Recommendation), adopted in toto, Parker, J. (Sept. 20, 1993); Hall v. Chater, 52 F.3d 518, 521 (4th Cir. 1995); Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir. 1985); Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir. 1985).  Courts have also recognized, however, that the Commissioner must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the

case.  Passopulos v. Sullivan, 976 F.2d 642, 646 (11th Cir. 1992); see also Hall, 52 F.3d at 521.  Medical evidence considered by the ALJ relative to the severity of a claimant's condition in the past is merely historical, and as such does not constitute a reopening. See Underwood v. Bowen, 807 F.2d 141, 143 (8th Cir. 1988). This is exactly what happened in Porcaro's case.

    The ALJ examined the new evidence submitted by Porcaro but found that it was not material to the issue of whether the she was disabled on or before March 31, 1990.  Specifically, the ALJ noted that the medical records submitted "provide only passing reference to the period prior to the claimant's last date insured, and address only the claimant's functioning beginning in 2003."  R. 15.  This conclusion is supported by substantial evidence.  While the additional records submitted certainly supported the award of SSI in 2004, they do not contain substantial evidence that would indicate a disability on or before March 31, 1990.  The two documents Porcaro submitted to this Court are not to the contrary.  The Matrix Health Systems reports indicates treatment beginning in July 2006.  The St. Francis Hospital report of admissions lists three admissions for a one-day period prior to March 31, 1990.

I recommend that the motion of the Commissioner to dismiss the complaint be GRANTED.

Dated at Burlington, Vermont, this 9th day of March, 2009.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge